UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DWAYNE MONTGOMERY, individually,
and on behalf of all others similarly situated,

        Plaintiff,

v.

PERI FORMWORK SYSTEMS, INC. ,

        Defendant.

Case No.: 20-cv-7771

**PERI FORMWORK SYSTESM, INC.'S ANSWERS AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Now comes PERI FORMWORK SYSTEMS, INC., by and through its Counsel, LEWIS

BRISBOIS BISGAARD & SMITH LLP, and for its Answer and Affirmative Defenses to

Plaintiff's Complaint, states as follows:

**NATURE OF THE ACTION**

1. Defendant Peri is one of the world's largest manufacturers and suppliers of and offers a

network of stockyards, formwork and scaffolding products throughout the US.

**ANSWER: Admitted.**

2. When Defendant hires an employee, including Plaintiff, he or she is enrolled in its

employee database(s) using a scan of his or her fingerprint. Defendant uses the employee

database(s) to monitor the time worked by its employees.

**ANSWER: Defendant denies that it requires any new employee to enroll in its employee**

**database and that it scans a "fingerprint". Defendant admits it uses its timeclock to monitor**

**the time its employees work.**

3. While many employers use conventional methods for tracking time worked (such as ID

badges or punch clocks), Defendant's employees are required, as a condition of employment, to have their fingerprints scanned by a biornetric timekeeping device.

**ANSWER: Defendant denies that any employee must use the timeclock in question as a condition of their employment and further denies that any scan of any employee's finger collects biometric data. Defendant lacks sufficient knowledge to admit or deny the allegations that "many employers use conventional methods for tracking time worked … ."**

4. Biometrics are not relegated to esoteric corners of commerce. Many businesses — such as Defendant's — and financial institutions have incorporated biometric applications into their workplace in the form of biometric timeclocks or authenticators, and into consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defnendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

5. Unlike ID badges or time cards — which can be changed or replaced if stolen or compromised — a fingerprint is a unique, permanent biometric identifier associated with each employee. This exposes Defendant's employees to serious and irreversible privacy risks. For example, if a database containing fingerprints or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed — like in the recent Equifax, Facebook/Cambridge Analytica, and Suprema data breaches— employees have ***no*** means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private

information.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defnendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

6. In 2015, a data breach at the United States Office of Personnel Management exposed the personal identification information, including biometric data, of over 21.5 million federal employees, contractors, and job applicants. U.S. Off. of Personnel Mgmt., *Cybersecurity Incidents* (2018), *available at* www.opm.gov/cybersecurity/cybersecurity-incidents.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defnendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

7. An illegal market already exists for biometric data. Hackers and identity thieves have targeted Aadhaar, the largest biometric database in the world, which contains the personal and biometric data — including fingerprints, iris scans, and facial photographs — of over a billion Indian citizens. *See* Vidhi Doshi, *A Security Breach in India Has Left a Billion People at Risk of Identity Theft,* The Washington Post (Jan. 4, 2018*), available at*

https://www.washingtonpost.com/news/worldviews/wp/2018/01/04/a-security-breach-in-india-has-left-a-billion-people-at-risk-of-identity-theft/?utm_term=.b3c70259fl38.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defnendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

8. In January 2018, an Indian newspaper reported that the information housed in Aadhaar was available for purchase for less than $8 and in as little as 10 minutes. Rachna Khaira, *Rs 500, 10 Minutes, and You Have Access to Billion Aadhaar Details,* The Tribune (Jan. 4, 2018), *available at* http ://www.tribuneindia.com/news/nation/rs-500-10-minutes- and-you-have-access - to-bill ion-aadhaar-details/523361.html.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

9. In August 2019 it was widely reported that Suprema, a security company responsible for a web-based biometrics lock system that uses fingerprints and facial geometry scans in 1.5 million locations around the world, maintained biometric data and other personal information on a publicly accessible, unencrypted database. Major Breach Found in Biometrics System Used by Banks, UK

police and Defence Firms, The Guardian (Aug. 14, 2019), available at http ://www.theguardian. com/technology/2019/aug/14/maj or-breach-found-in-biometrics-sy stem-used-by-banks-uk-po lice-and-defence-firms .

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defnendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

10. In the United States, law enforcement, including the Federal Bureau of Investigation and Immigration and Customs Enforcement, have attempted to turn states' Department of Motor Vehicles databases into biometric data goldmines, using facial recognition technology to scan the faces of thousands of citizens, all without their notice or consent. Drew Harwell, *FBI, ICE Find State Driver's License Photos Are a Gold Mine for Facial-Recognition Searches,* The Washington Post (July 7, 2019), *available at* https://vvww.washingtonpost.com/ technology/2019/07/07/fbi-ice-find-state-drivers-license-photos-are-gold-mine-facial-recognition searches/?noredirect=on&utm_term=.da9afb2472a9.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

11. This practice has been criticized by lawmakers. Some states, including Illinois, have refused to comply with law enforcement's invasive requests. *State Denying Facial Recognition Requests,* Jacksonville Journal-Courier (July 9, 2019), *available at* https://www.myjournalcourier.com/news/article/State-denying-facial-recognition-requests14081967.php.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defnendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

12. Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.,* specifically to regulate companies that collect, obtain, store and use Illinois citizens' biometrics, such as fingerprints.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

13. Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Plaintiff's and other similarly-situated employees' statutorily protected privacy rights and unlawfully collects, obtains, stores, disseminates, and uses Plaintiff's and other similarly-

situated employees' biometric data in violation of BIPA. Specifically, Defendant violated and continues to violate BIPA because it did not and continues not to:

    a.    Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, obtained, stored, and used, as required by BIPA;

    b.    Develop and adhere to a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated employees' fingerprints, as required by BIPA;

    c.    Obtain a written release from Plaintiff and others similarly situated to collect, obtain, store, disseminate, or otherwise use their fingerprints, as required by BIPA; and

    d.    Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party as required by BIPA.

**ANSWER: Denied.**

14. Accordingly, Plaintiff, on behalf of himself as well as the putative Class, seeks an Order: (1) declaring that Defendant's conduct violates BIPA; (2) requiring Defendant to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

<strong>PARTIES</strong>

7

15. Plaintiff Dwayne Montgomery is a natural person and a resident of the State of Illinois.

**ANSWER: Admitted.**

16. Defendant Peri Formwork Systems, Inc. is a Maryland corporation that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

**ANSWER: Admitted.**

## JURISDICTION AND VENUE

17. This Court has jurisdiction over Defendant pursuant to 735 ILCS § 5/2-209 because Defendant is a citizen of Illinois, conducts business is in Illinois, and it committed the statutory violations alleged herein in Cook County, Illinois.

**ANSWER: Defendant denies that the Circuit Court of Cook County has jurisdiction over this matter.**

18. Venue is proper in Cook County because Defendant conducts business in this State, conducts business transactions in Cook County, and committed the statutory violations alleged herein in Cook County, Illinois.

**ANSWER: Defendant denies that venue was proper in Cook County, Illinois.**

## FACTUAL BACKGROUND

**I. The Biometric Information Privacy Act.**

19. In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias. " 740

ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

20. In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records — which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data — could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as**

expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.

21. Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

22. Additionally, to ensure compliance, BIPA provides that, for <u>each</u> violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS § 14/20.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

23. BIPA is an informed consent statute that achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

a.  Informs the subject in writing that a biometric identifier or biometric information is being collected, obtained, stored and used;

b.  Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, obtained, stored, and used; and

c.  Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

24. BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS § 14/10.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

25. Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and — most importantly here — fingerprints. *See* 740 ILCS § 14/10. Biometric

information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

26. BIPA establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

27. By and through the actions detailed above, Defendant disregards Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.. BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to develop and comply with a written

policy — made available to the public — establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

28. The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and — most significantly — the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at a heightened risk for identity theft and left without any recourse.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

29. BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for

which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

30. Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

**II. Defendant Violates the Biometric Information Privacy Act.**

31. By the time BIPA passed unanimously through the Illinois legislature in mid-2008, most companies who had experimented with using individuals' biometric data stopped doing so.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the**

**BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

32. However, Defendant failed to take note of the shift in Illinois law governing the collection, obtainment, use, storage, and dissemination of biometric data. As a result, Defendant continues to collect, obtain, store, use, and disseminate its employees' biometric data in violation of BIPA.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

33. Specifically, when employees are hired, Defendant requires them to have their fingerprints scanned to enroll them in its employee database(s).

**ANSWER: Denied.**

34. Defendant uses an employee time tracking system that requires employees to use fingerprints as a means of authentication. In accordance with Defendant's policy, its employees are required to use their fingerprints to clock-in and clock-out, recording their time worked.

**ANSWER: Defendant admits that some of its employees used their finger to scan in and out of work but denies the remaining allegations.**

35. Defendant fails to inform its employees that it discloses or disclosed their fingerprint data to at least one third-party biometric timekeeping vendor, and likely others; fails to inform its

employees that it discloses their fingerprint data to other, currently unknown, third parties, which host the biometric data in their data centers; fails to inform its employees of the purposes and duration for which it collects and obtains their sensitive biometric data; and, fails to obtain written releases from employees before collecting their fingerprints.

**ANSWER: Defendant denies that it collects any fingerprint or biometric data and that it disseminates any data whatsoever to any third-party. Further, Defendant denies that BIPA applies to it and therefore denies the remaining allegations in paragraph 36.**

36. Defendant failed to develop or adhere to a written, publicly-available policy identifying its retention schedule and guidelines for permanently destroying employees' biometric data when the initial purpose for collecting or obtaining their biometrics is no longer relevant, as required by BIPA.

**ANSWER: Defendant denies that BIPA applies to it and therefore denies the allegations in paragraph 36.**

37. The Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as the recent data breaches, highlights why such conduct — where individuals are aware that they are providing a fingerprint, but not aware of to whom or for what purposes they are doing so — is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as a fingerprint, who exactly is collecting their biometric data, where it will be transmitted, for what purposes, and for how long. Defendant disregards these obligations and its employees' statutory rights and instead unlawfully collects, obtains, stores, uses and disseminates its employees' biometric identifiers and information, without first receiving the individual's informed written consent required by BIPA.

**ANSWER: Defendant denies that BIPA applies to it and therefore denies the allegations in paragraph 37.**

38. Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data and has not and will not destroy Plaintiff's and other similarly-situated individuals' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the employee's last interaction with the company.

**ANSWER: Defendant denies that BIPA applies to it and therefore denies the allegations in paragraph 38.**

39. Defendant does not tell Plaintiff and others similarly situated what might happen to their biometric data if and when Defendant merges with another company, or worse, if and when Defendant's business folds, or when the other third parties that have received employees' biometric data businesses fold.

**ANSWER: Defendant denies that BIPA applies to it and therefore denies the allegations in paragraph 39.**

40. Since Defendant neither publishes a BIPA-mandated data retention policy nor discloses the purposes for its collection and use of biometric data, Defendant's employees have no idea at the time of collection whether Defendant sells, discloses, rediscloses, or otherwise disseminates their biometric data. Moreover, Plaintiff and others similarly situated are not told at the time of collection to whom Defendant discloses their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

**ANSWER: Defendant denies that BIPA applies to it and therefore denies the allegations in paragraph 40.**

41. These violations raise a material risk that Plaintiff's and other similarly-situated individuals' biometric data will be unlawfully accessed by third parties.

**ANSWER: Denied.**

42. By and through the actions detailed above, Defendant disregards Plaintiff's and other similarly-situated individuals' legal rights in violation of BIPA.

**ANSWER: Denied.**

**III.        Plaintiff Dwayne Montgomery's Experience**

43. Plaintiff Dwayne Montgomery has worked for Peri Formwork Systems, Inc. as a Yard Worker since February 2020 at their yard located at 12150 S. Paulina Street, Calumet Park, IL 60827.

**ANSWER: Admitted.**

44. When Plaintiff was hired in February 2020, Defendant required its hourly employees to use a traditional punch clock to clock in an out of work.

**ANSWER: Denied.**

45. Approximately two weeks after hiring, Defendant began requiring Plaintiff to scan his fingerprint so Defendant could use it as an authentication method to track his time worked.

**ANSWER: Defendant denies that it scanned Plaintiff's "fingerprint".**

46. Defendant stored Plaintiff's fingerprint data in its employee database(s).

**ANSWER: Denied.**

47. Plaintiff was required to scan his fingerprint each time he began and ended his workday, as well as each time he clocked in and out for breaks.

**ANSWER: Defendant denies Plaintiff was required to scan his "fingerprint".**

48. Defendant did not inform Plaintiff in writing or otherwise of the purpose(s) and length of time for which his fingerprint data was being collected and obtained; did not obtain a written release from Plaintiff to collect, obtain, store, or use his fingerprint data; did not develop and adhere to a publicly available retention schedule and guidelines for permanently destroying

Plaintiff's fingerprint data; and did not obtain Plaintiff's consent before disclosing or disseminating his biometric data to third parties.

**ANSWER: Defendant denies BIPA applies to it because it does not collect, obtain, store or use any "fingerprint" data and thus it was not required to comply with any of the provisions of BIPA.**

49. Plaintiff has never been informed of the specific limited purposes or length of time for which Defendant collects, obtains, stores, uses and/or disseminates his biometric data.

**ANSWER: Defendant denies BIPA applies to it because it does not collect, obtain, store or use any "fingerprint" data and thus it was not required to comply with any of the provisions of BIPA.**

50. Plaintiff has never seen, been able to access, or been informed of any biometric data retention policy developed by Defendant, nor has he ever seen, been able to access, or been informed of whether Defendant would ever permanently delete his biometric data.

**ANSWER: Defendant denies BIPA applies to it because it does not collect, obtain, store or use any "fingerprint" data and thus it was not required to comply with any of the provisions of BIPA.**

51. Plaintiff has never been provided with nor ever signed a written release allowing Defendant to collect, obtain, store, use or disseminate his biometric data.

**ANSWER: Defendant denies BIPA applies to it because it does not collect, obtain, store or use any "fingerprint" data and thus it was not required to comply with any of the provisions of BIPA.**

52. Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's multiple violations of BIPA alleged herein.

**ANSWER: Denied.**

53. No amount of time or money can compensate Plaintiff if his biometric data has been compromised by the lax procedures through which Defendant captures, obtained, stores, uses, and disseminates his and other similarly-situated individuals' biometrics. Moreover, Plaintiff would not have provided his biometric data to Defendant if he had known that Defendant would retain such information for an indefinite period of time without his consent.

**ANSWER: Denied.**

54. A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.,* 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as**

**expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

55. As Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, he seeks statutory damages under BIPA as compensation for the injuries caused by Defendant. *Rosenbach,* 2019 IL 123186,¶40.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

## CLASS ALLEGATIONS

56. Pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, Plaintiff brings claims on his own behalf and as a representative of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.,* to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

**ANSWER: Defendant admits that Plaintiff purports to bring the claims set forth in his Complaint as a class action on behalf of the proposed putative class described in this paragraph, but denies that this action may be maintained as a class action. Defendant denies liability to Plaintiff or any member of the purported class. Except as expressly admitted, Defendant denies the allegations in this paragraph.**

57. As discussed *supra,* Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, obtaining, capturing, purchasing, receiving through trade, or otherwise

obtaining a person's or a customer's biometric identifiers or biometric information, unless it *first* (1) informs the individual in writing that a biometric identifier or biometric information is being collected, obtained, or stored; (2) informs the individual in writing of the specific purpose(s) and length of time for which a biometric identifier or biometric information is being collected, obtained, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS § 14/15.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

58. Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, for the following class of similarly-situated individuals under BIPA:

> All individuals working for Peri in the State of Illinois who had their biometric identifiers and/or information collected, captured, received, or otherwise obtained, maintained, stored or disclosed by Defendant during the applicable statutory period.

**ANSWER: Defendant admits that Plaintiff purports to bring the claims set forth in his Complaint as a class action on behalf of the proposed putative class described in this paragraph, but denies that this action may be maintained as a class action. Defendant denies liability to Plaintiff or any member of the purported class. Except as expressly admitted, Defendant denies the allegations in this paragraph.**

59. This action is properly maintained as a class action under 735 ILCS § 5/2-801

because:

    A.    The class is so numerous that joinder of all members is impracticable;

    B.    There are questions of law or fact that are common to the class;

    C.    Plaintiffs' claims are typical of the claims of the class; and,

    D. Plaintiff will fairly and adequately protect the interests of the class.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

### Numerosity

60. The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from Defendant's payroll records.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

### Commonality

61. There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have

been harmed by Defendant's failure to comply with BIPA. The common questions of law and

fact include, but are not limited to the following:

      A.    Whether Defendant collected, captured, maintained, stored or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

      B.    Whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, obtaining, using, storing and disseminating their biometric identifiers or biometric information;

      C.    Whether Defendant properly obtained a written release (as defined in 740 ILCS § 14/10) to collect, obtain, use, store and disseminate Plaintiff's and the Class's biometric identifiers or biometric information;

      D.    Whether Defendant has disclosed or redisclosed Plaintiff's and the Class's biometric identifiers or biometric information;

      E.    Whether Defendant has sold, leased, traded, or otherwise profited from Plaintiffs and the Class's biometric identifiers or biometric information;

      F.    Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of its last interaction with the individual, whichever occurs first;

      G.    Whether Defendant complies with any such written policy (if one exists);

      H.    Whether Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class' biometric data will be unlawfully accessed by third parties;

      I.    Whether Defendant used Plaintiff's and the Class's fingerprints to identify them;

      J.    Whether the violations of BIPA were committed negligently; and

      K.    Whether the violations of BIPA were committed intentionally or recklessly.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require**

**a response from Defendant.  To the extent a response is required, Defendant states that**

the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.

62. Plaintiff anticipates that Defendant will raise defenses that are common to the class.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

### Adequacy

63. Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

**Typicality**

64. The claims asserted by Plaintiff are typical of the class members he seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

65. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

**Predominance and Superiority**

66. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

67. Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

### FIRST CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-
Available Retention Schedule**

68. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER: Defendant incorporates as if fully set forth herein its answers to the foregoing allegations.**

69. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention — and, importantly, deletion — policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

70. Defendant fails to comply with these BIPA mandates.

**ANSWER: Denied.**

71. Defendant is a Maryland corporation that conducts business in Illinois, and therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

72. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected or obtained by Defendant (in the form of their fingerprints), as explained in detail in Sections II and III, *supra. See* 740 ILCS § 14/10.

**ANSWER: Denied.**

73. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

**ANSWER: Denied.**

74. Defendant failed to develop and adhere to a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is**

inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.

75. Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and has not and will not destroy Plaintiffs or the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.

76. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, obtainment, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

ANSWER: Defendant denies Plaintiff and any purported class member is entitled to any relief or damages.

## SECOND CAUSE OF ACTION

**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

77. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER: Defendant incorporates as if fully set forth herein its answers to the foregoing allegations.**

78. BIPA requires companies to obtain informed written consent from individuals **before** acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] ***first:*** (1) informs the subject...in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject...in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release executed by the subject of the biometric identifier or biometric information..." 740 ILCS § 14/15(b) (emphasis added).

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

79. Defendant fails to comply with these BIPA mandates.

**ANSWER: Denied.**

80. Defendant is a Maryland corporation that conducts business in Illinois and, therefore, qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the**

**BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

81. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected or obtained by Defendant (in the form of their fingerprints), as explained in detail in Sections II and III, *supra. See* 740 ILCS § 14/10.

**ANSWER: Denied.**

82. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

83. Defendant systematically and automatically collected, obtained, used, stored and disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without **first** obtaining the written release required by 740 ILCS § 14/15(b)(3).

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Defendant. To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph. Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

84. Defendant did not inform Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being captured, collected, or otherwise obtained, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, captured, or otherwise obtained as required by 740 ILCS § 14/15(b)(1)-(2).

**ANSWER**: **The allegations in this paragraph call for legal conclusions and do not require a response from Defendant.  To the extent a response is required, Defendant states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Defendant denies the allegations in this paragraph.  Except as expressly stated, Defendant denies the allegations in this paragraph. Defendant denies that it violated the BIPA.**

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses.  Defendant reserves the right to amend its Answer to include any additional affirmative and/or other defenses which may be determined through further fact investigation or discovery in this matter.

### First Affirmative Defense
### (Good Faith and Substantial Compliance)

1. The Complaint is barred, in whole or in part, because Defendant's substantial compliance with the requirements of the BIPA excuses any alleged procedural or technical violations of the BIPA.

2. To the extent that the BIPA applies to Defendant's software or devices, the claims are barred in whole or in part based on Defendant's good faith and reasonable interpretation of the BIPA and substantial compliance therewith.

3.      Defendant utilized its software and devices for legitimate business purposes.

4.      No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been stored, transmitted or protected in a manner deemed to be unreasonable within the relevant industry or subject to safeguards that are less protective than the manner used to protect Defendant's own confidential or other sensitive information.

5.      To the extent the BIPA applies to Defendant's software or devices, the BIPA requirements are satisfied by disclosures regarding Defendant's software or devices that persons employed by or working for Defendant's customers received at or around the time of their hire.

<u>**Second Affirmative Defense**</u>
<u>**(Due Process / Unconstitutional)**</u>

6.      The Complaint is barred, in whole or in part, by the Due Process Clause of the United States Constitution and/or the Constitution of the State of Illinois.

7.      Plaintiff alleges that she and the putative class members she seeks to represent are entitled to recover $1,000 or $5,000 in statutory liquidated damages for each alleged violation of the BIPA.

8.      Assuming Plaintiff's allegations are true, such allegations amount only to a bare procedural or technical violation of the BIPA.

9.      Plaintiff and/or members of the putative class have not suffered any actual injury or other harm as a result of any violation of the BIPA.

10.      No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been compromised by a data breach, identity theft, or other unauthorized disclosure.

11.      Nor have any such "biometric identifiers" or "biometric information" been misappropriated, misused, subject to an improper sale, lease, trade, or profit.

12. No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been stored, transmitted or protected in a manner deemed to be unreasonable within the relevant industry or subject to safeguards that are less protective than the manner used to protect Defendant's own confidential or other sensitive information.

13. Harm that is speculative and/or hypothetical is not a cognizable injury or otherwise actionable under the BIPA, and does not render Plaintiff or any putative class member "aggrieved" by the alleged violation of the BIPA.

14. The statutory liquidated damages potentially available under the BIPA, as applied to Plaintiff's and/or putative class members' claims and allegations, are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiff and/or members of the putative class.

15. The statutory liquidated damages potentially available under the BIPA, as applied to Plaintiff's and/or putative class members' claims and allegations, would result in a windfall to Plaintiff and/or putative class members because the BIPA's liquidated damages per-violation on a class-wide basis would be entirely disproportionate to a technical violation of the statute.

16. The BIPA is unconstitutional because the statutory damage potentially available are grossly excessive and disproportionate in light of any actual harm to Plaintiff and the putative class.

17. Any award of statutory liquidated damages to the Plaintiff or putative class members would violate Defendant's due process rights.

### Third Affirmative Defense
### (Unenforceable Liquidated Damages)

18. The Complaint is barred, in whole or in part, because the BIPA's liquidated statutory damages provision is not enforceable.

19.    Plaintiff alleges that she and the putative class members she seeks to represent are entitled to recover $1,000 or $5,000 in statutory liquidated damages for each alleged negligent violation of the BIPA.

20.    Plaintiff and/or members of the putative class do not even seek to recover actual damages.

21.    Assuming *arguendo* that Plaintiff's allegations are true, such allegations amount only to a bare procedural or technical violation of the BIPA.

22.    No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been compromised by a data breach, identity theft, or other unauthorized disclosure.

23.    Nor have any such "biometric identifiers" or "biometric information" been misappropriated, misused, subject to an improper sale, lease, trade, or profit.

24.    No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been stored, transmitted or protected in a manner deemed to be unreasonable within the relevant industry or subject to safeguards that are less protective than the manner used to protect Defendant's own confidential or other sensitive information.

25.    Harm that is speculative and/or hypothetical is not a cognizable injury or otherwise actionable under the BIPA, and does not render Plaintiff or any putative class member "aggrieved" by the alleged violation of the BIPA.

26.    The statutory liquidated damages potentially available under the BIPA, as applied to Plaintiff's claims and allegations, do not reasonably estimate Plaintiff's and/or putative class members' actual damages, which are zero.

27.     Accordingly, any such recovery would not be a reasonable estimate of actual damages, but instead would be more akin to punitive damages for strict liability— given that Plaintiff and the putative class members have not suffered any injury nor incurred any harm to warrant such relief.

28.     Therefore, Plaintiff and/or members of the putative class should not be permitted to recover statutory liquidated damages where no actual damages have been suffered or alleged.

**Fourth Affirmative Defense**
**(Waiver/Authorization/Consent/Ratification/Acquiescence)**

29.     The Complaint is barred, in whole or in part, because of Plaintiff's and any putative class members' authorization, consent to, ratification of, and/or acquiescence to Defendant's software and use of Defendant's software.

30.     Plaintiff and the putative class members actually or constructively consented and agreed, either expressly or impliedly, to the non-invasive use of Defendant's software and devices, without threat, coercion or compulsion, as part of the time tracking systems and procedures at their place of work, and continued to voluntarily use Defendant's software and devices with knowledge of their operation and without making any inquiry concerning the collection, use, or retention of personal information.

**Fifth Affirmative Defense**
**(Estoppel)**

31.     The Complaint is barred, in whole or in part, by the doctrine of estoppel.

32.     Plaintiff and the putative class members actually or constructively consented and agreed, either expressly or impliedly, to the non-invasive use of Defendant's software and devices, without threat, coercion or compulsion, as part of the time tracking

systems and procedures at their place of work, and continued to voluntarily use Defendant's software and devices with knowledge of their operation and without making any inquiry concerning the collection, use, or retention of personal information.

### Sixth Affirmative Defense
#### (Laches)

33.     The Complaint is barred, in whole or in part, by the doctrine of laches to the extent Plaintiff and the putative class members unreasonably delayed before asserting their purported rights under BIPA and, thereby, cause undue prejudice to Defendant.

34.     Defendant's customers implemented Defendant's software for a substantial period of time prior to and during any putative class member's employment.

35.     Plaintiff and each putative Class member knew of Defendant's software and devices and even participated in using Defendant's software for years.

36.     Neither Plaintiff nor any potential class member ever expressed a concern about Defendant's software, nor did they request to use the alternative method of clocking in/clocking out that existed.

37.     Yet, Plaintiff did not file this lawsuit until April 29, 2019. No other putative class member ever filed suit.

### Seventh Affirmative Defense
#### (Unclean Hands)

38.     The Complaint is barred, in whole or in part, by the doctrine of unclean hands, due to Plaintiff's and/or putative class members' own acts and/or omissions with respect to the subject matter of the Complaint.

39.     Plaintiff and each putative class member approved and participated in the complained-of conduct by using, and agreeing to use, Defendant's time tracking systems, practices, and devices.

## Eighth Affirmative Defense
## (Contributory/Comparative Fault)

40.     Defendant places in issue the negligence, faults, and responsibilities of all persons and entities, including Plaintiff and/or members of the putative class (the existence of which is expressly denied), Plaintiff's employer, the putative class members' employers, and the timeclock technology vendors or software license providers, that have contributed in any degree to the injuries and damages alleged to have been sustained by Plaintiff and/or members of the putative class.

41.     Assuming that 100% represents the total combined negligence or fault, the negligence or fault of parties other than Defendant is more than 50% of the total proximate cause of the alleged damages and, therefore, there is no liability on the part of Defendant.

42.     In the alternative, judgment against Defendant, if any, should be diminished to an amount that represents Defendant's degree of negligence, fault, or responsibility, if any.

43.     If Plaintiff is found to be entitled to recover any alleged damages, Defendant's share thereof must be apportioned or reduced to the extent that such damages are attributable to persons or entities other than Defendant.

44.     Additionally, if Defendant's fault is determined to be less than 25% of the total fault attributable to Plaintiff, Defendant, and any other third parties, Defendant should only be severally liable.

## Ninth Affirmative Defense

**(Failure to Mitigate Damages)**

45.     The Complaint is barred, in whole or in part, by Plaintiff's and/or putative class members' (the existence of which is expressly denied) failure to mitigate their alleged damages.

46.     Plaintiff and the putative class members voluntarily used Defendant's software and devices, without threat, coercion or compulsion, as part of the time tracking systems and procedures at their place of work, and continued to voluntarily use Defendant's software and devices with knowledge of their operation and without making any inquiry concerning the collection, use, or retention of personal information.

47.     Strict compliance with the BIPA (including the publication of a written policy with retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, as well as obtaining advance written consent for the collection, storage, and use of such data and/or disclosing the purpose and length of term for same) would not have stopped Plaintiff or any putative class member from voluntarily using Defendant's software and devices and, therefore, would not have prevented the collection, storage, and use of any data, or mitigate against risk associated with the prospect of a data breach, identity theft, or other unauthorized disclosure.

48.     Plaintiff failed to complain to Defendant about the alleged software and devices. Had she raised such concerns, Defendant would have provided Plaintiff the ability to use a different process for clocking in/clocking out.

**Tenth Affirmative Defense**
**(Statute of Limitations)**

49.     The Complaint may be barred, in whole or in part, by any applicable statutes of limitations, including, but not limited to, the one-year statute of limitations for

publication of matter violating a right of privacy or the two-year statute of limitations for actions involving, among other things, personal injury. *See* 735 ILCS 5/13-201; 735 ILCS 5/13-202.

50.     Innovative Heights implemented its time tracking system at issue in May 2017.

51.     Plaintiff did not file this lawsuit until April 29, 2019.

**Eleventh Affirmative Defense**
**(Preemption)**

52.     The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) is barred or preempted by the Workers' Compensation Act, 820 ILCS 305/1 *et seq*.

**Twelfth Affirmative Defense**
**(Claim or Issue Preclusion)**

53.     The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) is barred under the doctrines of issue or claim preclusion.

**Thirteenth Affirmative Defense**
**(Release or Accord and Satisfaction)**

54.     The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) is barred under the doctrines of release and/or accord and satisfaction.

**Fourteenth Affirmative Defense**
**(Extraterritorial Application)**

55. The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) requires extraterritorial application of the BIPA.

**Fifteenth Affirmative Defense**
**(Unconstitutional Special Litigation)**

56. The Complaint is barred, in whole or in part, because BIPA is impermissible special legislation and, thus, constitutionally defective.

57. The Illinois Constitution states that "[t]he General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination. Ill. Const. Art. IV, § 13.

58. This clause "specifically limits the lawmaking power of the General Assembly." *Best*, 179 Ill. 2d 367, 391 (1997). In short, "the purpose of the special legislation clause is to prevent arbitrary legislative classifications that discriminate in favor of a select group without a sound, reasonable basis." *Id.* The analysis conducted in evaluating a special legislation challenge is essentially the same as an equal protection challenge. *See id.* The two concepts are flip sides of the same coin. *See Cty. of Bureau v. Thompson*, 139 Ill. 2d 323, 337 (1990).

59. BIPA explicitly exempts at least two broad sectors of employers from complying with its requirements: (1) the financial sector (735 ILCS 14/25(c)) and (2) state and local government contractors (735 ILCS 14/25(e)). BIPA imposes strict compliance requirements on many employers, but also relieves two seemingly arbitrary sectors of employers from compliance with no rational reason for doing so.

60. Accordingly, BIPA violates the Illinois Constitution and the Complaint is barred.

WHEREFORE, DEFENDANT prays for dismissal of the Complaint, with prejudice, at Plaintiff's cost, and for such other and further relief as the Court deems just and proper.

Date: January 15, 2021                    Peri Formwork Systems, Inc.


By: */s/ Thomas M. Wolf*
       One of its attorneys


Josh M. Kantrow (ARDC No. 6231027)
Thomas M. Wolf (ARDC No. )
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312.345.1718
312.345.1778 (fax)
Josh.Kantrow@lewisbrisbois.com
Thomas.Wolf@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system on this 15th day of January, 2021, which will send electronic notification to the attorneys of records at the email addresses on file with the Court.

*s/ Thomas M. Wolf* ____

Thomas M. Wolf
